# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF STRONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 08-017-WDS ) |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) ) ) ) |
| Defendant. | ) |

## O R D E R

**STIEHL, District Judge:**

Before the Court is plaintiff's pro se motion to proceed in forma pauperis (Doc. 1). This action was transferred to this District after the judges in the Central District of Illinois recused themselves from all further cases involving this plaintiff due to the fact that he has repeatedly sued the judges of the Central District. Although plaintiff has been quite active in filing federal lawsuits,[1] this is the only action that is currently pending.

Upon review of the record, the Court **FINDS** plaintiff's pauper status to be persuasive. Plaintiff is not employed, has no assets, and apparently receives no income. However, that does not end the Court's inquiry. The Seventh Circuit has held that the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, changes the district court's responsibility in reviewing " not only cases brought by prisoners, but in some respect for all indigent litigants." *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997). Under the PLRA, the Court must review complaints and dismiss the complaint if the plaintiff is not indigent, if the action is frivolous or malicious, if the

---

[1] To date, the cases filed by the plaintiff are as follows: *Strong v. Baker*. 03-CV-358-DRH; *Strong v. Mills*, 03-CV-608-GPM; *Strong v. McCuskey*, 03-CV-342-DRH; *Strong v. McCuskey,* 03-CV-776-DRH; *Strong v. McDade*, 03-4212-JPG; *Strong v. Mills*, 04-CV-597-GPM; *Strong v. Old Statehouse Hospitality*, 05-337-MJR.

action does not state a claim upon which relief can be granted or if it seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).

The Court will construe this pro se pleading liberally, to determine if there is any manner in which the plaintiff would have a meritorious claim. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). In this action, the plaintiff seeks recovery against the Illinois Department of Human Services, the Illinois Office of Rehabilitation Services and the Illinois Department of Rehabilitation Services for alleged discrimination against him in 2003, 2006 and 2007. He has attached to his complaint a letter he sent to Hon. Michael McCuskey, dated 12/21/2007 which is a rambling discourse of events. The gist of what can be gleaned from the pro se pleadings is that plaintiff suffered a traumatic brain injury, has obtained a college degree in business administration, but has been unable to get a job and believes that the Illinois Department of Human Services discriminated against him by not adjudicating his traumatic brain injury status properly. He apparently seeks recovery under the Rehabilitation Act, 29 U.S.C. § 974, and the Americans with Disabilities Act, 42 U.S.C. §12100, et seq.

Unfortunately for plaintiff, sovereign immunity protects an agency of the State of Illinois from liability under the ADA, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S 356 (2001), and, therefore, under the Rehabilitation Act as well. Plaintiff simply cannot maintain a suit against state agencies under either the ADA or the Rehabilitation Act. The Court is not unmindful of plaintiff's plight, including his inability to gain meaningful employment. However, it simply cannot grant him the relief he seeks in this action, because he cannot sue the State agencies under these federal statutes. Therefore, the Court **DENIES** plaintiff's motion for pauper status, 28 U.S.C. §1915(e)(2), and this cause of action is **DISMISSED**.

**IT IS SO ORDERED.**

**DATED:   February 20, 2008.**

                                            **s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**